UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL BULMER,  )
        Plaintiff  )
)
)
  v.  )      Civil Action No. 13-30089-KPN
)
)
MIDFIRST BANK, FSA,  )
        Defendant  )

MEMORANDUM AND ORDER WITH REGARD TO
PLAINTIFF'S MOTION TO ALTER THE JUDGMENT
(Document No. 50)
December 31, 2014

NEIMAN, U.S.M.J.

Paul Bulmer ("Plaintiff") brings this motion to alter -- or, in the alternative, to reconsider -- the court's Memorandum and Order, dated November 14, 2014 (Doc. No. 47), in which it granted partial summary judgment in favor of MidFirst Bank, FSA ("Defendant"), narrowing the factual issues for trial. *See Bulmer v. MidFirst Bank*, -- F.Supp.3d -- , 2014 WL 6070695 (D. Mass. Nov. 14, 2014). Plaintiff seeks this relief with respect to Counts 1, 5, and 7 only, in conjunction with an opportunity to fully brief an issue that the court found to be partially dispositive in its summary judgment decision. For the reasons that follow, the court will deny Plaintiff's motion.

As a preliminary matter, the court notes that, although Plaintiff brings his motion pursuant to Fed.R.Civ.P. 59(e) or, in the alternative, 60(b)(1), neither of those rules address a *partial* -- as opposed to a *final* -- judgment, which is merely interlocutory in nature. *See Bishop v. Bell Atlantic Corp.*, 2001 WL 40910, at *1 (D. Me. Jan. 11, 2001)

(citing *Powers v. Nassau Dev. Corp.*, 753 F.2d 457, 464 (5th Cir. 1985); Wright Miller & Kane, 10B Federal Practice & Procedure: Civil 3d § 2737 (1998)). Plaintiff appears to concede as much in his Reply to Defendant's Opposition to Plaintiff's Motion to Alter the Judgment (Doc. No. 55).

That Rules 59(e) and 60(b)(1) happen to be inapplicable does not, however, preclude Plaintiff from pursuing some of the relief he seeks since a district court retains authority to modify a partial summary judgment order at any time before the entry of final judgment. *Alberty-Velez v. Corporacion de Puerto Rico Para La Difusion Publica*, 361 F.3d 1, 6 n.5 (1st Cir. 2004); *see also* Fed.R.Civ.P. Rule 54(b) ("[A]ny order or other decision . . .that adjudicates fewer than all the claims . . . does not end the action as to *any* of the claims . . . and may be revised at any time before the entry of a judgment.") (emphasis added). In some ways, this is good news for Plaintiff. In contrast with the stricter requirements of both of the rules he invokes, the "inherent power" of the court "is not governed by rule or statute and takes root in the court's equitable power to 'process litigation to a just and equitable conclusion.'" *Miranda v. Deloitte LLP*, 962 F.Supp.2d 379, 382-83 (D. P.R. 2013) (quoting *In re Villa Marina Yacht Harbor, Inc.*, 984 F.2d 546, 548 (1st Cir. 1993)). Accordingly, Plaintiff's motion for reconsideration, generally put, "must be tested under the 'interests of justice' standard which affords the court wide discretion." *Dempsey v. National Enquirer*, 702 F.Supp. 927, 932 (D. Me. 1998) (citing *Greene v. Union Mut. Life Ins. Co.*, 764 F.2d 19, 23 (1st Cir. 1985)).

That said, the court is not persuaded that its prior ruling merits reconsideration. Granted, Plaintiff complains that much of the court's partial summary judgment adjudication was predicated on an issue that neither party briefed, namely, whether the

2

viability of several of Plaintiff's claims was cut off by an intervening forbearance agreement evident in the record.  Unfortunately for him, Plaintiff's argument falls short.

It is true that the legal effect of the forbearance agreement was not formally briefed by either party.  Both, however, had more than ample opportunity to address it.  As a transcript of the August 27, 2014 hearing would reveal, the court raised the forbearance agreement during Plaintiff's counsel's recitation of facts and pressed him on the issue for several minutes.  The issue arose a second time during Defendant's counsel's factual explication.  Subsequently, Plaintiff's counsel raised the issue himself during his argument, prompting an extensive discussion of the specific language of the forbearance agreement and its import with respect to Plaintiff's claims.  Finally, just before the close of argument, the court told counsel in no uncertain terms that it found the forbearance agreement issue to be potentially dispositive of some of Plaintiff's claims.  Thus, Plaintiff, through counsel, had several opportunities to discuss the issue, if not request leave to file a supplemental brief on the matter.  Instead, Plaintiff's counsel represented his client's position to be that certain specific language in the forbearance agreement undercut its relevance to the claims at issue.

On top of that, the court specifically delayed the issuance of a decision on September 15, 2014 (Electronic Docket Entry No. 43), and again on October 7, 2014 through the end of that month (Electronic Docket Entry No. 45), so as to facilitate a possible settlement by the parties.  At no time during this period did Plaintiff seek to supplement his argument.  It was not until November 14, 2014, that the court granted summary judgment with respect to Counts 1, 4, 5, 6 and 7, having considered and rejected Plaintiff's specific language argument.  It then took Plaintiff until December 12,

3

2014, at a case management conference designed to set the remaining schedule, to first alert the court to the fact that he had more to say on the matter.

In the final analysis, Plaintiff's attempt to revisit the forbearance agreement comes too late. First, in light of the circumstances just described, Plaintiff's appeal for reconsideration is untimely at best; the rules of civil procedure "should be construed and administered to secure a just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. Rule 1. Second, and perhaps more importantly, the court is not at all inclined to permit Plaintiff to reopen an issue that it expressly identified as potentially dispositive -- and then so found -- especially where Plaintiff has provided no other reason, *e.g.*, mistake or neglect, for the court to do so.

For the foregoing reasons, the court DENIES Plaintiff's motion to alter the judgment.

IT IS SO ORDERED.


DATED: December 31, 2014

                                         /s/   Kenneth P. Neiman
                                         KENNETH P. NEIMAN
                                         U.S. Magistrate Judge